IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                    24-CR-003-LJV

RICHARD GREER,

                Defendant.

---

## GOVERNMENT'S SENTENCING MOTION

**THE UNITED STATES OF AMERICA**, by and through its attorney, Michael DiGiacomo, United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, hereby submits this motion in support of a guideline sentence. Based on the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes, the government respectfully asks the Court to sentence the defendant to a term of imprisonment within the guideline range of 78 to 97 months.

### I. The Facts

Federal Agents identified this defendant as part of a long-term child pornography investigation of people in the Philippines and other Asian countries using Skype to sell child pornography to Americans. In June 2022, HSI executed a search warrant on the skype account of a known trafficker. Among the known trafficker's friends was Richard GREER.

In August 2023, HSI executed a search warrant on GREER's Skype account and found two conversations in which GREER sought out and received child pornography. The first conversation occurred in April 2023 and involved GREER talking with an unknown woman in the Philippines. The unknown woman sent GREER a picture of a naked prepubescent female child, wherein the focus of the image is on the child's vagina. After GREER received the image, he said, "So cute and yummy" and then "Love another pic."

The second conversation occurred in May between Greer and a separate unknown trafficker. In that conversation, GREER discussed paying the trafficker for child pornography. The trafficker sent GREER an image of a prepubescent female child, approximately 6 years of age, performing oral sex on an adult male penis. When he received that image, GREER wrote, "love those pictures who cock is she sucking."

On December 21, 2023, GREER was arrested pursuant to a Criminal Complaint and consented to an interview after waiving his rights. During that interview, GREER initially denied any knowledge of child pornography, but then admitted he received child pornography via Skype. GREER also admitted to having a child pornography habit for a long time. He claimed that he started communicating with multiple Asian women on Skype which is how he started viewing and receiving child pornography. GREER told agents he paid the Asian women (traffickers) by credit card but did not know how much he paid over the years. He admitted it was "too much" and said he did not get child pornography anywhere else.

On that same date federal agents executed a search warrant at GREER's Lockport residence. Multiple digital devices, including a Dell Laptop, and a PNY 256 GB Thumb Drive were seized and later forensically analyzed. A review of the laptop recovered more than 4,400 images and 44 video files depicting the sexual abuse and exploitation of children. The thumb

drive contained more than 13,000 images and 900 video files depicting the sexual abuse and exploitation of children.

## II. The Section 3553(a) Factors Support a Guideline Sentence

In reviewing the section 3553(a) factors, as enumerated in Title 18 of the United States Code, the Court must consider the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes. 18 U.S.C. § 3553(a)(1) and (a)(2).

### A. An Individualized Assessment of this Defendant Supports the Imposition of a Sentence of Imprisonment within the Guideline Range

The government submits that the sentencing guideline calculation advocated by the parties in the Plea Agreement, which, based on an adjusted offense level of 28, and a criminal history category of I, recommends a sentencing range of 78 to 97 months imprisonment, a fine of $25,000 to $250,000, supervised release of 5 years to life, and a $100 special penalty assessment, is appropriate. (Dkt 25 at ¶ 14).

It is well settled that calculating the advisory sentencing guidelines is the first step in determining the defendant's ultimate sentence, after which the Court must consider the §3553(a) factors. *United States v. Dorvee*, 616 F.3d 174, 180 (2010) quoting *United States v. Gall*, 552 U.S. 38, 49-50 (2007); see also, *United States v. Aumais*, 656 F.3d 147 (2d Cir. Sept. 8, 2011). In *Aumais*, decided in September 2011, the Second Circuit upheld the guidelines sentence imposed by the district court, noting that the sentence was based upon an "individualized assessment" of the §3553(a) factors. *Aumais*, at 157.

Richard GREER did not stop asking Asian sex traffickers to send him photos and videos of children being raped and sexually abused on his own volition. He did not stop because of the horrific nature of the images and videos he possessed. (see *Presentence Investigation Report*, Doc 33, at ¶ 25). In fact, he did not stop until federal agents executed a search warrant at his residence and physically seized digital devices containing his collection of thousands of crime scene images and videos.

GREER sought out images of children – *as young as five years old* – engaged in explicit sexual activity. And rather than be disgusted by this material, he actively sought it out, coveted it, and collected it. GREER treated images and videos of children being orally and anally raped like nothing more than baseball cards or collectable Star Wars action figures. The investigation showed that he engaged in banter with the deviants who were selling him the images saying "…love those pictures," "who cock is she sucking," and "looks like you teach her well." And GREER fed the beast by paying for these images.

### B. The Defendant already received a significant sentencing benefit by pleading to Possession instead of Receipt of Child Pornography.

On December 18, 2023, GREER was charged by criminal complaint with *Receipt of Child Pornography* in violation of Title 18, United States Code, Section 2252A(a)(2)(A). That charge carries a mandatory minimum sentence of 60 months imprisonment. (see Doc. 1). The defendant was thereafter indicted on two counts of *Receipt of Child Pornography* by a federal Grand Jury on January 9, 2024. (see Doc. 3). In addition to each count being punishable by the same 60-month mandatory minimum sentence, the Indictment exposed GREER to a significantly greater aggregate statutory maximum sentence of 40 years imprisonment.

However, based on mitigation presented by the defense, GREER was instead permitted to plead to the reduced charge of one count of *Possession of Child Pornography* by Superseding Information filed October 22, 2024. (see Doc. 24). This reduced charge carries no mandatory minimum as well as a lower guideline range of imprisonment. Therefore, GREER should not benefit further by essentially double counting his mitigation and getting a sentence outside the guideline range of 78-97 months imprisonment.

## CONCLUSION

The section 3553(a) factors, as enumerated in Title 18 of the United States Code, list among other things, the nature and seriousness of the offense, the defendant's personal characteristics, the need for the sentence to reflect the nature and circumstances of the offense, the need for deterrence, as well as to protect the public from further crimes by the defendant. All these factors, as individually applied to this defendant, support the imposition of a guideline sentence of between 78 to 97 months imprisonment, a significant period of supervised release, and a $100 special penalty assessment. Such a sentence is sufficient, but not greater than necessary to ensure justice in this case.

DATED:  Buffalo, New York, June 24, 2025.

        MICHAEL DiGIACOMO
        United States Attorney

BY:    **s/CRAIG R. GESTRING**
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Ave
        Buffalo, NY   14202
        716-843-5700
        Craig.Gestring@usdoj.gov