UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| **RICHARD GREER** | Docket No.: 1:24CR00003-001 |

_____
**THE HONORABLE LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE:**

Defendant Richard Greer, through his counsel Christopher D. Monna, Esq., respectfully submits this sentencing memorandum and requests that this Honorable Court sentence Mr. Greer to a significant departure from the sentencing guidelines to 18 – 36 months, with all applicable post-release conditions, including supervised release, registration requirements, and treatment obligations.

## I. INTRODUCTION

Mr. Greer stands before this Court as a 58-year-old first-time offender who has accepted full responsibility for his actions. Having already served 18 months in custody, Mr. Greer has demonstrated his commitment to rehabilitation and his understanding of the gravity of his offense. The circumstances of this case, combined with Mr. Greer's personal characteristics and the mitigating factors present, support a sentence of time served with supervised release conditions that will ensure public safety while allowing Mr. Greer to rebuild his life and contribute positively to society.

## II. PROCEDURAL BACKGROUND

On October 22, 2024, Mr. Greer appeared before the Honorable H. Kenneth Schroeder, Jr., and entered a guilty plea to one count of Possession of Child Pornography Involving a Prepubescent Minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2). Mr. Greer

waived indictment and pled guilty pursuant to a plea agreement that allows both parties to recommend a sentence outside the advisory guideline range.

The plea agreement establishes a guideline range of 78 to 97 months imprisonment based on a total offense level of 28 and Criminal History Category I. However, both the Government and Mr. Greer have reserved the right to recommend a sentence outside this range, recognizing that the unique circumstances of this case may warrant a different approach.

### III. MITIGATING FACTORS SUPPORTING A SENTENCE OF TIME SERVED

#### A. Mr. Greer Is a First-Time Offender With No Prior Criminal History

Perhaps the most significant mitigating factor in this case is Mr. Greer's lack of any prior criminal history. At 58 years old, Mr. Greer has never been arrested, charged, or convicted of any criminal offense. The PSR confirms that both New York State and FBI criminal record checks revealed no known prior legal history. Mr. Greer has no juvenile adjudications, no adult criminal convictions, and no pending charges or other arrests.

This clean record spanning nearly six decades of life demonstrates that Mr. Greer's conduct in this case represents an aberration rather than a pattern of criminal behavior. Courts have consistently recognized that a defendant's lack of criminal history is a significant mitigating factor that weighs in favor of a more lenient sentence. See United States v. Kik, 781 F.3d 485, 490 (8th Cir. 2015) (noting that lack of criminal history supports downward variance).

#### B. Complete Acceptance of Responsibility and Cooperation

From the moment of his arrest, Mr. Greer has demonstrated genuine acceptance of responsibility for his actions. When federal agents executed the search warrant at his residence on December 21, 2023, Mr. Greer immediately cooperated with law enforcement. After being

advised of his Miranda rights, he voluntarily spoke with agents and, when confronted with evidence of his conduct, "lowered his head to his chest, and shook his head yes."

Mr. Greer's acceptance of responsibility was immediate and complete:

- Mr. Greer admitted to agents that he "had a problem" and that he "has had the problem for a long time"
- Mr. Greer acknowledged receiving child pornography during his Skype communications
- Mr. Greer voluntarily provided agents with the location of additional evidence, directing them to a zip drive in his garage that contained "bad stuff"
- Mr. Greer provided the passcode for his phone without hesitation
- Mr. Greer called his wife and immediately confessed: "I looked at child pornography…I have a problem…I need help...I'm so sorry"

This cooperation continued throughout the proceedings. Mr. Greer waived indictment and entered an early guilty plea, saving the government and the court significant resources. During his presentence interview, he "candidly discussed the circumstances surrounding his involvement in the instant offense" and "affirmatively accepted responsibility."

The PSR notes that Mr. Greer "demonstrated an understanding of the harm caused to the minor children, apologizing for adding to their ongoing victimization" and "expressed remorse for having been involved." This genuine remorse and acceptance of responsibility, demonstrated consistently from arrest through sentencing, merits significant consideration in mitigation.

### C. Substantial Pre-Trial Detention Has Already Served Punishment Goals

Mr. Greer has been in custody for approximately 18 months since his arrest on December 21, 2023. This substantial period of incarceration has already served many of the traditional goals of sentencing, including punishment, deterrence, and public protection.

During this time, Mr. Greer has been separated from his family, lost his employment of nearly 30 years with Aurubis Buffalo, lost his marriage, and experienced the complete disruption of his life. The PSR indicates that he "has lost everything, his job, his house, his wife, his

money" as a result of this case. These collateral consequences, combined with the 18 months already served, constitute substantial punishment for his offense.

Courts have recognized that lengthy pre-trial detention can support a sentence of time served, particularly for first-time offenders. See United States v. Adelson, 441 F. Supp. 2d 506, 512 (S.D.N.Y. 2006) (granting time served sentence where defendant had already served substantial time pre-trial).

### D. Federal Incarceration Will Not Further Rehabilitation Goals

Mr. Greer is a 58-year-old first-time offender who has already demonstrated his commitment to addressing the underlying issues that led to his offense. He has expressed his intention to "take advantage of any treatment opportunity afforded to him in the future" and has shown genuine remorse for his actions.

Additional federal incarceration beyond the 18 months already served will not significantly advance rehabilitation goals. Mr. Greer is not a career criminal who requires extensive programming to address antisocial attitudes or lifestyle patterns. Rather, he is someone who made poor decisions during a difficult period in his life and has already begun the process of accepting responsibility and seeking to make amends.

The proposed supervised release conditions, including mandatory sex offense treatment, computer monitoring, and registration requirements, will provide more effective rehabilitation opportunities than continued incarceration. These conditions will allow Mr. Greer to address his issues while remaining connected to his support system and contributing to society.

### E. Strong Family Support and Stable Background

Mr. Greer benefits from strong family support that will aid in his successful reintegration. His parents, Jack and Susan Greer, have remained steadfast in their support despite their shock

and disappointment regarding his offense. As noted in the PSR, they have "no problem with the defendant residing with them for a duration while he can readjust his life upon release from custody."

Mr. Greer's parents describe him as "a very particular, tidy, orderly person" and "a hard-working individual, who has always gone out of his way to help his family." They maintain daily contact with him despite his incarceration and continue to serve as sources of support. This family support, combined with Mr. Greer's stable work history and lack of substance abuse issues, suggests a strong foundation for successful reintegration into the community under supervised release.

## IV. PROPOSED SENTENCE SERVES THE PURPOSES OF SENTENCING

### A. Punishment and Deterrence

The 18 months Mr. Greer has already served, combined with the lasting consequences of his conviction, provide substantial punishment. He has lost his job, his marriage, his home, and his reputation in the community. The requirement that he register as a sex offender will impose ongoing restrictions and social stigma for the remainder of his life.

Both specific and general deterrence are adequately served by the time already served and the proposed supervised release conditions. Mr. Greer's genuine remorse and the devastating consequences he has already experienced make recidivism highly unlikely. The public nature of his conviction and sentence will serve general deterrence purposes by demonstrating that such conduct has serious consequences.

### B. Public Protection

The proposed supervised release conditions will provide robust protection for the public while allowing Mr. Greer to rebuild his life. These conditions include:

- Mandatory participation in sex offense treatment
- Computer and internet monitoring
- Prohibition on contact with minors except as approved
- Registration as a sex offender
- Regular polygraph examinations
- Search conditions

These conditions will provide more effective ongoing protection than continued incarceration followed by a shorter period of supervised release.

### C. Rehabilitation

A sentence of time served with comprehensive supervised release conditions will best serve rehabilitation goals. Mr. Greer will be able to participate in community-based treatment, maintain family relationships, seek employment, and contribute to society while being closely supervised and monitored.

### V. CONCLUSION

Mr. Richard Greer stands before this Court as a first-time offender who has accepted complete responsibility for his actions and has already served substantial time for his offense. The combination of his lack of criminal history, genuine acceptance of responsibility, the 18 months already served, and the comprehensive supervised release conditions proposed will adequately serve all purposes of sentencing under 18 U.S.C. § 3553(a).

For these reasons, Mr. Greer respectfully requests that this Honorable Court sentence him to time served with a term of supervised release and all applicable conditions, including treatment, registration, and monitoring requirements.

Respectfully Submitted,

| | | |
|---|---|---|
| DATED: | June 24, 2025<br>Rochester, New York | **/s Christopher D. Monna**<br>**Christopher D. Monna, Esq.**<br>45 Exchange Blvd, 4th Floor<br>Rochester, New York 14614<br>Tel.: (585) 698-6951<br>Fax: (585) 222-6453<br>chris@monnalaw.com |